PATRICK W. SHEA
PAUL HASTINGS LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*
BRIDGEWATER ASSOCIATES, LP,
RAY DALIO, *Individually,*
and ANAND MEHTA, *Individually*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MCALLISTER,<br><br>              Plaintiff,<br><br>- against -<br><br>BRIDGEWATER ASSOCIATES, LP,<br>RAY DALIO, *Individually*, and<br>ANAND MEHTA, *Individually*,<br><br>              Defendants. | No. l2-CV-03002 (NRB) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT .................................................................................... 1
II. ALLEGATIONS OF THE COMPLAINT..................................................................... 3
III. ARGUMENT................................................................................................................. 4
    A. This Court Should Dismiss Plaintiff's Amended Complaint For Improper Venue ................................................................................................................. 4
        1. Under The Special Venue Provision, Venue Is Improper In This District............................................................................................... 5
        2. Under The General Venue Statute, Venue Is Improper In This District............................................................................................... 6
        3. Exercising Supplemental Jurisdiction Over Plaintiff's NYCHRL Claims is Improper........................................................................... 7
    B. This Court Should Dismiss Plaintiff's Title VII Retaliation Claim....................... 8
        1. Plaintiff Failed To Exhaust His Administrative Remedies......................... 8
        2. Plaintiff Failed To State A Claim As A Matter Of Law ........................... 10
    C. This Court Should Dismiss Plaintiff's NYCHRL Claims ................................... 11
IV. CONCLUSION............................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................11

*Bolar v. Frank*,
938 F.2d 377 (2d Cir. 1991) ................................................................................................. 4, 6

*Burgess v. N.Y. Stock Exchange*,
181 F. Supp. 2d 337 (S.D.N.Y. 2002) .....................................................................................10

*Burke v. Gutierrez*, No. 04 Civ. 7593, 2006 WL 89936 (S.D.N.Y. Jan. 12, 2006) .........................9

*Butts v. City of New York Dep't of Hous. Pres. & Dev.*,
990 F.2d 1397 (2d Cir. 1993*), superseded by statute on other grounds* ............................. 8, 9

*Cook v. UBS Fin. Servs., Inc.*,
No. 05 Civ. 8842, 2006 WL 760284 (S.D.N.Y. Mar. 21, 2006) ...............................................5

*Cordoba v. Beau Deitl & Assocs.*,
No. 02 Civ. 4951(MBM), 2003 WL 22927874 (S.D.N.Y. Dec. 2, 2003) ...............................10

*Daniel v. American Bd. of Emergency Med.*,
428 F.3d 408 (2d Cir. 2005) .....................................................................................................7

*Dehaemers v. Wynne*,
522 F. Supp. 2d 240 (D.D.C. 2007) ..........................................................................................5

*Fitzgerald v. Henderson*,
251 F.3d 345, 366 (2d Cir. 2001) .............................................................................................9

*Fried v. LVI Servs., Inc.*,
No. 10–CV–9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011) .............................................11

*Ghose v. Century 21, Inc.*,
108 F. Supp. 2d 373 (S.D.N.Y. 2000) .....................................................................................10

*Giordano v. City of New York*,
274 F.3d 740 (2d Cir. 2001) .....................................................................................................8

*Gorokhovsky v. City of New York*,
   No. 10 Civ. 8848, 2011 WL 2019423 (S.D.N.Y. May 19, 2011) ........................................ 8, 9

*Gorzynski v. Jetblue Airways Corp.*,
   596 F.3d 93 (2d Cir. 2010) ................................................................................................. 10

*Henneghan v. Smith*,
   No. 09 CIV. 07381, 2011 WL 609875 (S.D.N.Y. Feb. 17, 2011) ......................................... 4, 7

*Holtz v. Rockefeller & Co., Inc.*,
   258 F.3d 62 (2d Cir. 2001) .................................................................................................. 8

*Imireanu v. Oroamerica, Inc.*,
   No. 93 CIV. 5939, 1994 WL 88253 (S.D.N.Y. Mar. 17, 1994) ............................................ 5, 6

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
   274 F.3d 683 (2d Cir. 2001) ................................................................................................ 9

*Miller v. Int'l Tel. & Tel.*,
   755 F.2d 20 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985) ..................................................... 8

*O'Hara v. Mem'l Sloan Kettering Cancer Ctr.*,
   No. 99 Civ. 2658, 2000 WL 1459798 (S.D.N.Y. Sept. 29, 2000), *aff'd*, 27 F. App'x
   69 (2d Cir. 2001) ....................................................................................................... 8, 9, 10

*Ortiz v. Haier America Trading, LLC*, 2011 N.Y. Slip Op. 31414U, 2011 WL 2283771
   (Sup. Ct., N.Y. Cty. May 24, 2011) ..................................................................................... 12

*Prospect Capital Corp. v. Bender*,
   No. 09 Civ. 826, 2009 WL 4907121 (S.D.N.Y. Dec. 21, 2009) ........................................ 4, 6, 7

*Ramirez v. New York City Bd. of Educ.*,
   481 F. Supp. 2d 209 (E.D.N.Y. 2007) ................................................................................... 7

*Robles v. Cox & Co., Inc.*,
   No. 11–CV–1975, 2012 WL 78379 (E.D.N.Y. Jan. 10, 2012) ............................................. 11

*Salamea v. Macy's East, Inc.*, 426 F. Supp. 2d 149 (S.D.N.Y. 2006). ................................... 1 n.1

*Shepheard v. City of New York*,
   577 F. Supp. 2d 669 (S.D.N.Y. 2008) ............................................................................. 9, 10

*Wahlstrom v. Metro—North Commuter R.R. Co.*, 89 F. Supp. 2d 506 (S.D.N.Y. 2000) ............. 12

*Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995) ............................................................................ 7

**STATUTES**

28 U.S.C. § 1391(b) ..................................................................................................6

42 U.S.C. § 2000e–5(f)(3) .........................................................................................5

Defendants Bridgewater Associates, LP ("Bridgewater"), Ray Dalio and Anand Mehta (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Christopher McAllister's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6).

I. PRELIMINARY STATEMENT

In his Amended Complaint, Plaintiff McAllister, a New York State resident, complains that he was not hired for a position in Connecticut because of his race by Bridgewater, a Connecticut limited partnership. Plaintiff also sues two individual Connecticut State residents. Prior to bringing this action in the Southern District of New York, Plaintiff initiated an administrative proceeding with the Connecticut Commission on Human Rights & Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and Connecticut State law. (*See* Plaintiff's Charge of Discrimination, dated May 25, 2010 ("Administrative Charge"), Shea Decl., Ex. 1.[1]) Upon receiving a Notice of Right to Sue—which the EEOC issued at Plaintiff's request—Plaintiff commenced this action, purporting to assert discrimination claims under Title VII and 42 U.S.C. § 1981 ("Section 1981") on behalf of himself, and a retaliation claim under Title VII on behalf of Rebel Ely. As Defendants alerted this Court in their first pre-motion letter, not only is Ms. Ely not a party to this action, she is currently pursuing this exact same claim on her own behalf in arbitration proceedings against Bridgewater. (6/21/2012 Letter from Patrick W. Shea to the Hon. Naomi Reice Buchwald, Shea Decl., Ex. 2.) Defendants further explained that venue was clearly improper on the basis of

---

[1] Plaintiff refers to the document attached as Exhibit 1 to the Declaration of Patrick W. Shea in his Amended Complaint. (Am. Compl. ¶ 6.) As a consequence, the Administrative Charge does not constitute a matter outside of the pleadings under the Federal Rules and may properly be considered with this motion. *See, e.g.*, *Salamea v. Macy's East, Inc.*, 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006).

Plaintiff's own assertion that "the causes of action arose in the District of Connecticut." (Compl. ¶ 3.)

Upon receipt of Defendants' letter, Plaintiff filed an Amended Complaint in which he attempted to do a complete about face with respect to his prior allegations. He now sought to contend that his claims of discrimination arose under New York City law and that the purported acts of discrimination had occurred within this judicial district. By blithely contradicting his earlier allegations, Plaintiff claimed that he had "cure[d] all deficiencies" in the original Complaint. (6/26/2012 Letter from Jessenia Maldonado to the Hon. Naomi Reice Buchwald, Shea Decl., Ex. 3.) He did not for the following reasons:

First, venue remains improper. In a blatant attempt to avoid the special venue requirements of Title VII—to which Defendants twice alerted Plaintiff—Plaintiff now alleges that venue is proper pursuant to the general venue statute, 28 U.S.C. § 1391, because "a substantial part of the events or omissions giving rise to the claim [sic] occurred" in the Southern District of New York. (Am. Compl. ¶ 5.) Plaintiff did not plead any facts that support this conclusory allegation. He did not because there are none. Instead, as Plaintiff himself previously alleged, his claims "arose in the District of Connecticut." (Compl. ¶ 3.)

Second, in an inappropriate attempt to maintain his retaliation claim, Plaintiff now brings the claim on behalf of himself instead of Ms. Ely. (Am. Compl. ¶¶ 84-86.) Plaintiff's transparently fabricated repleading leads nowhere. As a preliminary matter, the claim is barred for failure to exhaust, as his Administrative Charge neither mentioned retaliation nor alleged facts from which one could infer that Plaintiff was asserting a retaliation claim. Further, Plaintiff fails to plead the claim's required elements. He has not sufficiently alleged that: (1) he

participated in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between his engaging in the protected activity and the adverse employment action.

Third, Plaintiff now brings four additional claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107(1)(a) *et seq*. ("NYCHRL"). (Am. Compl. ¶¶ 87-101.) As Plaintiff and his counsel well know, the NYCHRL applies only to discriminatory conduct that occurs within the boundaries of New York City. No such conduct is alleged here, a fact that Plaintiff implicitly conceded when he brought his Administrative Charge before the Connecticut Commission and omitted any NYCHRL claim in his initial Complaint.

This Court should not countenance such an obvious abuse of the legal process. Plaintiff's Amended Complaint should be dismissed.

## II. ALLEGATIONS OF THE COMPLAINT[2]

In his Amended Complaint, Plaintiff alleges that he sought employment at Bridgewater's headquarters in Connecticut, (Am. Compl. ¶¶ 22, 10), that he communicated with several Bridgewater employees via the telephone and email regarding his candidacy, (Am. Compl. ¶ 22, 28-39, 41-59, 61-62), and that Defendants ultimately "refused to hire [him] because he is African-American," (Am. Compl. ¶ 2), and "because of his opposition to the unlawful employment practices of Defendants." (Am. Compl. ¶ 86.) Nowhere in his Amended Complaint does Plaintiff allege that Defendants' decisions or the communications surrounding them originated in New York, nor does he allege that but for Defendants' alleged discriminatory acts,

---

[2] While the Court must accept the factual allegations in the Amended Complaint as true for purposes of this motion, Defendants categorically deny Plaintiff's allegations that they engaged in any unlawful or wrongful conduct.

3

he would have been hired to work in New York. Lastly, Plaintiff did not allege any facts, other than his own statement parroting the law's requirement, to support his retaliation claim. To the contrary, Plaintiff makes clear with the following false assertion that he believes his race is the sole reason Defendants refused to hire him: "But for the fact that Plaintiff MCALLISTER was [sic] African-American, Defendants would have hired him[.]" (Am. Compl. ¶ 67.)

III. ARGUMENT

    A. This Court Should Dismiss Plaintiff's Amended Complaint For Improper Venue

Although Plaintiff has abandoned his claim that venue is proper in the Southern District of New York because "the causes of action arose in the District of Connecticut," (Compl. ¶ 3), his new venue allegation fares no better than his first. Plaintiff now alleges that venue is proper pursuant to the general venue statute because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York. (Am. Compl. ¶ 5.) This unsupported conclusory allegation clearly does not satisfy Plaintiff's burden for establishing proper venue as to each of the eight causes of action he now asserts. *Prospect Capital Corp. v. Bender*, No. 09 Civ. 826, 2009 WL 4907121, at *2 (S.D.N.Y. Dec. 21, 2009) (plaintiff "bears the burden to show that venue is proper as to each defendant for each cause of action it pleads").

As an initial matter, Plaintiff cites the wrong statute to establish proper venue for his Title VII claims—the Second and Third Causes of Action. Venue for Title VII claims is "strictly governed" by the specific venue provision of the statute. *Henneghan v. Smith*, No. 09 CIV. 07381, 2011 WL 609875, at *2 (S.D.N.Y. Feb. 17, 2011). The Second Circuit explained that this special venue provision reflects Congress's desire to maintain a connection between the forum and the alleged discrimination. *See Bolar v. Frank*, 938 F.2d 377, 378-79 (2d Cir. 1991).

4

Accordingly, courts have held that where a plaintiff brings discrimination claims under both Title VII and Section 1981, the Title VII claims should be considered the principal causes of action and the statute's narrower venue provision should control. *See Cook v. UBS Fin. Servs., Inc.*, No. 05 Civ. 8842, 2006 WL 760284, at *5 (S.D.N.Y. Mar. 21, 2006); *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 249 (D.D.C. 2007).

As discussed below, venue is plainly improper under Title VII's special venue provision. Moreover, even if the Court does analyze Plaintiff's Section 1981 claim under the general venue statute, venue is still improper. Lastly, the Court may not exercise supplemental jurisdiction over the four new claims Plaintiff asserts under the NYCHRL, because venue is improper for Plaintiff's federal claims. Plaintiff's Amended Complaint therefore must be dismissed in its entirety. *See, e.g., Imireanu v. Oroamerica, Inc.*, No. 93 CIV. 5939, 1994 WL 88253 (S.D.N.Y. Mar. 17, 1994).

1. <u>Under The Special Venue Provision, Venue Is Improper In This District</u>

The special venue provision of Title VII places proper venue in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Here, venue is not proper pursuant to any of these bases because: (1) the alleged discriminatory act—the decision not to hire Plaintiff purportedly because of his race—took place in Connecticut; (2) any relevant employment records are located in Connecticut, where Bridgewater is headquartered; and (3) but for the alleged discriminatory act,

5

Plaintiff would have been hired to work in Connecticut. The Amended Complaint makes no attempt to satisfy Title VII's venue provisions and those claims must therefore be dismissed. *See, e.g.*, *Imireanu*, 1994 WL 88253, at *1 (dismissing Title VII claim for improper venue and noting that "the statute and the law in the Second Circuit is clear; a plaintiff who 'does not satisfy any of the four bases for venue delineated in section 2000e–5(f)(3)' may not proceed under Title VII" (quoting *Bolar*, 938 F.2d 377, 378)).

> 2. <u>Under The General Venue Statute, Venue Is Improper In This District</u>

Plaintiff's Section 1981 claim—the first of eight causes of action—cannot anchor this action in this district. Even if the Court analyzes Plaintiff's Section 1981 claim under the general venue statute, venue remains improper. The general venue statute places proper venue in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff makes no attempt to establish venue under the first and third sub-provisions, and the facts do not support venue on those bases. Although Plaintiff alleges that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York, (Am. Compl. ¶ 5), the Amended Complaint contains only a bare conclusion to this effect that is completely devoid of factual support. It may be that Plaintiff seeks to premise venue on his presence in New York when he received emails and/or telephone calls from Bridgewater's Connecticut headquarters relating to possible employment in Connecticut. The happenstance of Plaintiff's presence in New York when receiving calls or emails, however, is irrelevant to the venue analysis. *Prospect Capital Corp.*, 2009 WL 4907121,

at *3 (noting that the Second Circuit has made clear that a venue analysis "must focus on where the *defendant's* acts or omissions occurred") (citing *Daniel v. American Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (explaining that "by referring to 'events and omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff")). Even assuming Defendants called or emailed Plaintiff while he was present in New York—a fact that he does not allege in his Amended Complaint—such communications are at most tangential to the alleged discriminatory decision not to hire Plaintiff and cannot establish venue pursuant to 28 U.S.C. § 1391(b)(2). *See Prospect Capital Corp.*, 2009 WL 4907121, at *5 (venue improperly premised upon defendants' calls and emails into the Southern District, which "were only an insignificant part of the acts or omissions giving rise to the claims"); *Daniel*, 428 F.3d 408, 434 (venue improperly premised upon defendants' transmittal into the Western District of a half-dozen letters rejecting applications to sit for an examination outside New York, which "constitutes only an insignificant and certainly not a substantial part of the events or omissions giving rise to the plaintiff's antitrust claims") (internal alteration marks and citation omitted).

        3.      <u>Exercising Supplemental Jurisdiction Over Plaintiff's NYCHRL Claims is Improper</u>

The Court may not exercise supplemental jurisdiction over Plaintiff's NYCHRL claims because venue is improper for Plaintiff's federal claims. *See Henneghan*, 2011 WL 609875, at *4 (transferring Title VII and Section 1981 claims for improper venue and dismissing remaining New York State law claims); *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 223 (E.D.N.Y. 2007) (declining to exercise supplemental jurisdiction over remaining New York State and New York City Human Rights Law claims after dismissing federal discrimination claims);

*Giordano v. City of New York*, 274 F.3d 740, 754-55 (2d Cir. 2001) (affirming dismissal of federal discrimination claims and directing the district court to dismiss the remaining New York state and municipal law claims; explaining that "in the absence of any remaining federal claims, the appropriate analytic framework to be applied to discrimination claims based on…New York state and municipal law is a question best left to the courts of the State of New York"); *O'Hara v. Mem'l Sloan Kettering Cancer Ctr.*, No. 99 Civ. 2658, 2000 WL 1459798, at *6 (S.D.N.Y. Sept. 29, 2000), (declining to exercise supplemental jurisdiction over remaining New York State and New York City Human Rights Law claims after dismissing federal discrimination claims), *aff'd*, 27 F. App'x 69 (2d Cir. 2001).

      B.    <u>This Court Should Dismiss Plaintiff's Title VII Retaliation Claim</u>

Even if the Court finds that venue is proper for Plaintiff's Title VII claims, it must dismiss his retaliation claim for failure to exhaust and failure to state a claim as a matter of law.

      1.    <u>Plaintiff Failed To Exhaust His Administrative Remedies</u>

It is well recognized that prior to commencing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a claim with either the EEOC or the proper state or local agency. *See Gorokhovsky v. City of New York*, No. 10 Civ. 8848, 2011 WL 2019423, at *3 (S.D.N.Y. May 19, 2011); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001); *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds*. The purpose of this requirement, "which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." *Miller v. Int'l Tel. & Tel.*, 755 F.2d 20, 26 (2d Cir.), *cert. denied*,

474 U.S. 851 (1985). Although exhaustion of administrative remedies is "an essential element" of a Title VII claim, courts may hear claims "reasonably related" to, but not expressly alleged in, the underlying administrative charge. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (citation omitted). Courts consider a claim "reasonably related" to allegations in an EEOC charge where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gorokhovsky*, 2011 WL 2019423, at *3 (quoting *Butts*, 990 F.2d at 1402). "Courts in this district have often found that, where a plaintiff does not explicitly allege retaliation in an administrative complaint, the subsequent investigation of other forms of discrimination cannot reasonably be expected to extend to retaliation." *Shepheard v. City of New York*, 577 F. Supp. 2d 669, 680 (S.D.N.Y. 2008) (quoting *Burke v. Gutierrez*, No. 04 Civ. 7593, 2006 WL 89936, at *12 (S.D.N.Y. Jan. 12, 2006) (collecting cases)). Rather, for a retaliation claim to be "reasonably related" to allegations in an administrative charge, the charge must "put the agency on notice that [the plaintiff] had engaged in the type of protected activity that is the predicate to a retaliation claim." *O'Hara*, 27 F. App'x at 70-71 (citing *Fitzgerald v. Henderson*, 251 F.3d 345, 366 (2d Cir. 2001)).

Plaintiff's Administrative Charge contains no allegations that would lead an investigator to inquire as to any allegedly retaliatory actions: it does not state that Plaintiff ever complained about alleged discriminatory practices or engaged in any other protected activity under Title VII, nor does it contain any reference to a retaliatory motive. Indeed, Plaintiff did not even check the retaliation box on the charge cover sheet. Accordingly, Plaintiff's retaliation claim—that he alleges for the first time in his Amended Complaint—is not reasonably related to the

9

discrimination claim alleged in his Administrative Charge, and must therefore be dismissed for failure to exhaust. *See O'Hara*, 27 F. App'x at 70-71 (affirming dismissal of retaliation claim where plaintiff's administrative charge neither mentioned retaliation nor alleged facts from which one could infer that plaintiff was asserting a retaliation claim, and plaintiff did not check off the retaliation box on the charge sheet); *Shepheard*, 577 F. Supp. 2d at 680 (dismissing retaliation claim where plaintiff's administrative charge "did not assert retaliation as a basis for the alleged discrimination" and "contain[ed] no allegations or facts that would lead an investigator to inquire as to any allegedly retaliatory actions"); *Cordoba v. Beau Deitl & Assocs.*, No. 02 Civ. 4951(MBM), 2003 WL 22927874, at *10-11 (S.D.N.Y. Dec. 2, 2003) (dismissing retaliation claim where plaintiff's administrative charge said only that employer "'committed unlawful discriminatory practices and retaliation against me based upon my age and national origin'" and did not "contain a single reference" to plaintiff's complaints to supervisor); *Burgess v. N.Y. Stock Exchange*, 181 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing retaliation claim where plaintiff's administrative charge "contained nothing beyond the proposition that [plaintiff] was [terminated] because of his race"); *Ghose v. Century 21, Inc.*, 108 F. Supp. 2d 373, 376 (S.D.N.Y. 2000) (dismissing retaliation claim where plaintiff's administrative charge "referr[ed] only to his discharge and claims that he was fired on account of his national origin").

2. <u>Plaintiff Failed To State A Claim As A Matter Of Law</u>

Even if this Court did have subject matter jurisdiction to hear Plaintiff's retaliation claim, dismissal would still be appropriate for failure to state a claim. To establish a *prima facie* case of retaliation, Plaintiff must show that: (1) he participated in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between his engaging in the protected activity and the adverse employment action. *Gorzynski v. Jetblue Airways Corp.*, 596

F.3d 93, 120 (2d Cir. 2010). While Plaintiff alleges for the first time in his Amended Complaint that Defendants discriminated against him "because of his opposition to the unlawful employment practices of Defendants," (Am. Compl. ¶ 86), he has not pled any specific facts to support this conclusory allegation. Plaintiff's retaliation claim fails as a matter of law. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must provide sufficient factual allegations to "state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

    C.    <u>This Court Should Dismiss Plaintiff's NYCHRL Claims</u>

The Fourth through Eighth Causes of Action brought pursuant to the NYCHRL must be dismissed because the law applies only to discriminatory conduct that occurs within the boundaries of New York City. *Fried v. LVI Servs., Inc.*, No. 10–CV–9308, 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011). For purposes of the NYCHRL, discrimination occurs at the location of the impact of the offensive conduct. *Robles v. Cox & Co., Inc.*, No. 11–CV–1975, 2012 WL 78379, at *4 (E.D.N.Y. Jan. 10, 2012). A "plaintiff's residence is irrelevant to the impact analysis, which confines the protections of the NYCHRL to those who are meant to be protected—those who *work* in the city." *Id*. at *6 (internal quotation marks and citation omitted). The impact of discriminatory conduct occurs within New York City only when (1) the initial discriminatory act occurs in New York City, or (2) the "original experience of injury, which occurs at the employee's workplace, is in New York City." *Id*. (internal quotation and alteration marks and citation omitted). "Thus, where the alleged discriminatory act takes place outside of New York City, the relevant location of the injury for purposes of the impact analysis is not the

Plaintiff's residence, but the Plaintiff's place of employment." *Id*. (citing *Ortiz v. Haier America Trading, LLC*, 2011 N.Y. Slip Op. 31414U, 2011 WL 2283771 (Sup. Ct., N.Y. Cty. May 24, 2011) (dismissing NYCHRL claim even though plaintiff was a New York City resident and defendant was headquartered in New York City, because "the decision to terminate plaintiff, even if made in New York City, would have an impact at plaintiff's workplace in New Jersey"); *Wahlstrom v. Metro—North Commuter R.R. Co.*, 89 F. Supp. 2d 506, 527-28 (S.D.N.Y. 2000) (dismissing NYCHRL claim without any reference to plaintiff's residency because "the alleged incidents took place in White Plains, New York, well outside the borders of New York City")).

Here, the alleged discriminatory act—the decision not to hire Plaintiff—took place at Bridgewater's headquarters in Connecticut. The location of the injury is likewise at Bridgewater's offices in Connecticut, where Plaintiff would have worked but for Defendants' decision not to hire him. The NYCHRL is therefore inapplicable to Plaintiff's claims—a fact Plaintiff himself recognized when he filed his Administrative Charge with the CHRO and omitted these claims from his original Complaint.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court: (i) dismiss the Amended Complaint in its entirety for improper venue or, in the alternative, dismiss the retaliation and NYCHRL claims with prejudice; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York  PAUL HASTINGS LLP
August 14, 2012

      /s/ Patrick W. Shea
By:    Patrick W. Shea

75 East 55th Street
New York, New York 10022
(212) 318-6000
patrickshea@paulhastings.com

*Attorneys for Defendants*
BRIDGEWATER ASSOCIATES, LP,
RAY DALIO, and ANAND MEHTA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MCALLISTER,<br><br>      Plaintiff,<br><br>    - against -<br><br>BRIDGEWATER ASSOCIATES, LP,<br>RAY DALIO, *Individually*, and<br>ANAND MEHTA, *Individually*,<br><br>      Defendants. | No. l2-CV-03002 (NRB)<br><br>**CERTIFICATE OF SERVICE** |

   I hereby certify that on August 14, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                 /s/ Patrick W. Shea
                 Patrick W. Shea