# EXHIBIT 2

# PAUL
# HASTINGS

1(212) 318-6405
patrickshea@paulhastings.com

June 21, 2012

74604.00009

**VIA FACSIMILE**

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Christopher McAllister v. Bridgewater Associates, LP, et al.*
           No. 12-CIV-3002

Dear Judge Buchwald:

We represent Bridgewater Associates, LP ("Bridgewater"), Ray Dalio and Anand Mehta (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Practices Rules, we respectfully request a pre-motion conference in connection with our proposed motion to dismiss the Complaint of Plaintiff Christopher McAllister pursuant to Fed. R. Civ. P. 12(b)(3) and (6).

Plaintiff is a New York City resident who unsuccessfully sought employment with Bridgewater in Connecticut. Plaintiff asserts three causes of action, all of which he premises on Defendants' alleged refusal to hire him because of his race. Plaintiff brings the first two claims on his own behalf, alleging that Defendants violated 42 U.S.C. § 1981 ("Section 1981") and that Bridgewater violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff brings an improper third claim for retaliation under Title VII against Bridgewater on behalf of Rebel Ely. Not only is Ms. Ely not a party to this action, but she is currently pursuing this exact same claim on her own behalf in arbitration proceedings against Bridgewater.

Defendants anticipate proffering three principal bases in support of their proposed motion to dismiss: (1) venue in this matter is improper; (2) the Section 1981 claim against defendant Dalio, who is the Founder of Bridgewater, completely lacks factual support; and (3) the Title VII claim brought on behalf of Ms. Ely is patently frivolous and duplicative of the claims she is currently arbitrating in another forum.

    1.    <u>Venue Is Improper In This District</u>

The Complaint is pled as if the proper venue for this matter is the District of Connecticut, and on that point, at least, the Complaint is correct. Specifically, Plaintiff asserts that "[v]enue is proper in that the causes of action arose in the District of Connecticut." (Compl. ¶ 3.) Plaintiff further asserts that defendants Dalio and Mehta are residents of the State of Connecticut. (Compl. ¶¶ 13, 15.) While Plaintiff makes no allegation regarding the residency of Bridgewater, he asserts that Bridgewater is incorporated under the laws of the State of Delaware and is authorized to conduct business in the State of Connecticut. (Compl. ¶¶ 10-11.) On the basis of Plaintiff's own assertions, venue clearly is improper in the Southern District of New York with respect to all of Plaintiff's claims. Accordingly, the Complaint should be dismissed in its entirety. *See, e.g., Imireanu v. Oroamerica, Inc.*, No. 93 CIV. 5939 (LMM), 1994 WL 88253 (S.D.N.Y. 1994) (dismissing Title VII claim for improper venue); *Azubuko v. Lifestyle*

*Transp., Inc.*, No. 3:99CV1988 (AHN), 2000 WL 306602 (D. Conn. Feb. 28, 2000) (dismissing Section 1981 and Title VII claims for improper venue); *Scaria v. Secretary of U.S. Dept. of Agriculture*, No. CV-90-3223, 1991 WL 99210 (E.D.N.Y. May 20, 1991) (dismissing Title VII claim for improper venue).

    (a)    Section 1981 Claim (First Cause of Action)

Venue for Section 1981 claims is governed by the general venue statute, 28 U.S.C. § 1391. *See Henneghan v. Smith*, No. 09 CIV. 07381 (RJH), 2011 WL 609875, at *2 (S.D.N.Y. Feb. 17, 2011). Under that statute, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Courts construe the first subdivision as asserting proper venue in "a judicial district where any defendant resides, *in the State* in which all defendants reside." *Henneghan*, 2011 WL 609875, at *3 n.3 (citations omitted). Plaintiff cannot properly allege that venue is proper under the general venue statute pursuant to his own factual allegations: (1) defendants do not all reside in New York; (2) a substantial part of the events giving rise to the claim did not occur in New York; and (3) the causes of action actually arose in another district where all of the defendants reside, and consequently, where Plaintiff's action may otherwise be brought.

    (b)    Title VII Claims (Second and Third Causes of Action)

Venue for Title VII claims is "strictly governed" by 42 U.S.C. § 2000e–5(f)(3). *See Henneghan*, 2011 WL 609875, at *2. Under this special venue statute, venue is proper in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Plaintiff cannot properly allege that venue is proper under this special venue statute because: (1) the alleged discriminatory actions took place in Connecticut; (2) any relevant employment records are located in Connecticut; and (3) but for the alleged discriminatory actions, Plaintiff would have been hired to work in Connecticut.

On the basis of the foregoing, Plaintiff's complaint should be dismissed in its entirety for improper venue.

2.   Plaintiff's Section 1981 Claim Against Defendant Dalio Fails As A Matter Of Law

The Second Cause of Action, alleging race discrimination under Section 1981, should be dismissed with prejudice as against defendant Dalio because the Complaint does not contain any factual assertions of his involvement in the alleged discriminatory acts. Indeed, the only assertions with respect to Mr. Dalio are that he is (1) a resident of Connecticut, (2) the Founder, President, and an owner of Bridgewater, and (3) not African-American. (Compl. ¶¶ 13, 14, 18.) In fact, Mr. Dalio had no involvement in this matter and is named as a defendant purely for the purpose of harassment.

To survive a motion to dismiss, a plaintiff bringing a cause of action under Section 1981 must allege that the defendant "was personally involved in the discriminatory acts cited in the complaint." *Cloke-Browne v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 10 Civ. 2249 (LTS), 2011 WL 666187, at *9 (S.D.N.Y. Feb. 9, 2011). *See also Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*, 332 F. Supp. 2d 592, 596 (S.D.N.Y. 2004) ("In order to state a claim for individual liability under § 1981, a plaintiff must not only allege specific instances of racial discrimination, but those allegations must demonstrate some affirmative link to causally connect the actor with the discriminatory action.") (citation and quotation marks omitted). Plaintiff makes no such allegations against Mr. Dalio. Accordingly, Mr. Dalio is entitled to judgment dismissing the Second Cause of Action against him as a matter of law. *See Id.* (dismissing Section 1981 claims against individual defendants with prejudice); *Samuels v. William Morris Agency*, No. 10 Civ. 7805(DAB), 2011 WL 2946708, at *4 (S.D.N.Y. July 2011) (dismissing Section 1981 claims with prejudice where plaintiff failed to allege any intentional discrimination on the part of defendants); *Cloke-Browne*, 2011 WL 666187, at *9 (dismissing Section 1981 claim against individual defendant where plaintiff failed to allege the individual was personally involved in the alleged discriminatory acts).

3.   Plaintiff's Claim On Behalf Of Nonparty Rebel Ely Is Legally Deficient And Plainly Improper

The Third Cause of Action that Plaintiff asserts on behalf of Ms. Ely should be dismissed with prejudice. The Complaint alleges no facts to support such a claim, and Ms. Ely is pursuing her own action against Bridgewater in another forum asserting this very claim.

For the foregoing reasons, we respectfully request permission to submit a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and (6).

We further request, pursuant to Your Honor's Individual Practices Rules, an extension of time to answer, move, or otherwise respond to the Complaint while this request for a pre-motion conference is pending. Defendants' response to the Complaint is currently due on Monday, June 25, 2012. Defendants sought consent to an extension from Plaintiff's counsel, but she replied that "[a]ny extensions [we] require will need to be made to the Court." Accordingly, we submit this as Defendants' first request for an extension.

Respectfully submitted,

Patrick W. Shea
of PAUL HASTINGS LLP

cc:   Marjorie Mesidor, Esq.
      *Attorney for Plaintiff*